IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> vs. ) <br> ) <br> ANTHONY GILLIANS, ) <br> ) <br> DEFENDANT. ) <br> ) | CRIMINAL NO. 2-98-356 <br><br> **OPINION AND ORDER** |

## BACKGROUND

Anthony Gillians ("Gillians" or "defendant") was one of seven defendants charged in a 29 count Indictment filed with the court on June 10, 1998. On July 16, 1998, a Superseding Indictment was filed that included four additional defendants and 14 additional counts. Thereafter, on September 9, 1998, a 12 defendant, 46 count Second Superseding Indictment was returned by the grand jury.

On January 28, 1999, pursuant to a Plea Agreement, Gillians pled guilty to Count 1 of the Second Superseding Indictment that charged him with participating in a conspiracy to possess with intent to distribute and to distribute a quantity of cocaine and crack cocaine. A Presentence Investigation Report was prepared and, on June 21, 1999, this court sentenced Gillians to a term of imprisonment of 240 months. Gillians appealed his sentence, and the Fourth Circuit affirmed the conviction and sentence on May 10, 2000. United States v. Thomas, Nos. 99-4474, 99-4498, 99-4619, 2000 WL 564026 (4th Cir. 2000). The Fourth Circuit denied Gillians' petition for rehearing on June 20, 2000.

On August 2, 2004, Gillians filed Petitioner's Motion Pursuant to Rule 60(b)(5) (Newly Discovered Evidence) (Blakely v. Washington Case No: 02-1632 6/24/04) ("the Motion"). On September 3, 2004 the Government responded to Gillians' motion and filed a Motion to Dismiss. A <u>Roseboro</u> order was filed on September 9, 2004. Gillians failed to respond to the Government's Motion to Dismiss.

## ANALYSIS

The proper vehicle for the relief Gillians requests is a motion pursuant to 28 U.S.C. § 2255. This court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a motion pursuant to 28 U.S.C. § 2255 if the motion, once properly classified, would be barred from review by the statute of limitations. See <u>United States v. Winestock</u>, 340 F.3d 200, 206 (4th Cir. 2003) (citing <u>United States v. Calderon</u> 523 U.S. 538, 553 (1998)). <u>Winestock</u> notes that there is no infallible test for distinguishing between a Rule 60(b) motion and a collateral attack, but offers guidance regarding how to do so. It states that a motion directly attacking a prisoner's conviction or sentence will usually amount to a § 2255 attack. <u>Id.</u> at 207. It further suggests that a new, free-standing allegation of constitutional error will "virtually always implicate the rules" governing habeas motions. "[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." <u>Id.</u>

Gillians' Motion challenges his sentence because the "indictment was silent to drug quantity." To support his position, he relies upon the Supreme Court's recent ruling in <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S.Ct. 2531, 2004 WL 1402697 (2004).

2

Thus, the Motion directly attacks his sentence with a new argument and it is nothing more than a collateral attack with a Rule 60(b)(5) label. The Supreme Court's decision in Blakely is not "newly discovered evidence," and the defendant has failed to demonstrate that the Motion falls within the ambit of Rule 60(b)(5).

Since Gillians' motion is more properly a motion pursuant to 28 U.S.C. § 2255, this court will start its analysis at this point.

In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA) which amended 28 U.S.C. § 2255 to provide a one-year limitations period for the filing of § 2255 motions. That statute provides, in relevant part:

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

When a federal criminal defendant appeals his conviction and/or sentence to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court. Clay v. United States, 537 U.S. 522, 532 (2003). Since Gillians' petition for rehearing was denied on June 22, 2000, the one-year statute of limitation

3

within which he could have filed a § 2255 petition ran from approximately September 22, 2000, through September 21, 2001. The Government created no impediment to prevent Gillians from filing his current petition in a timely manner. In addition, the Supreme Court did not make the Blakely decision applicable to the federal sentencing guidelines and did not make it retroactively applicable on collateral review. Gillians has asserted no new facts to support his Motion. In sum, the time during which Gillians could have filed a § 2255 petition ended on or about September 21, 2001, and this court does not have jurisdiction to consider the Motion.

THEREFORE, the Government's Motion to Dismiss is hereby **GRANTED**.

**AND IT IS SO ORDERED.**

s/David C. Norton<br>
DAVID C. NORTON<br>
United States District Judge

May 3, 2005

Charleston, SC